**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KAREN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-543 (MTT)** |
| | ) | |
| **SHIRLEY TROUTMAN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On November 17, 2026, Plaintiff Karen Jones, proceeding pro se, filed her complaint. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**, and the complaint (ECF 1) is **DISMISSED without prejudice**.

## I. DISCUSSION

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Plaintiff's IFP affidavit establishes that she cannot pay the court fees. ECF 2. Thus, the Court finds that Plaintiff is unable to pay the costs of this proceeding without undue hardship and therefore the motion for leave to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the

court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

The complaint is one sentence, which reads: "Defendants dumped trash everywhere, cause environmental problems, [t]hey should [be] reminded of such behaviors." ECF 1 at 1. Plaintiff's complaint fails to state a claim because it does not comply with Federal Rule of Civil Procedure 8. Rule 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff fails to plead any facts to show that she is entitled to relief.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED,** and the complaint (ECF 1) is **DISMISSED without prejudice**.[3]

**SO ORDERED**, this 23rd day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[3] Ordinarily, the Court will afford a litigant, particularly a pro se litigant, an opportunity to file an amended complaint before dismissing an action. However, Plaintiff has provided the Court with no reason to suspect that venue is proper in this district or that the Court has personal jurisdiction over the defendants. Accordingly, the Court has no reason to believe that Plaintiff may be able to present a plausible claim if permitted to amend the complaint. The Court also cautions Plaintiff that filing the same lawsuit in multiple judicial districts may be regarded as vexatious and an abuse of the legal process. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477–78 (11th Cir. 2020).